O’NIELL, Chief Justice.
 

 Several parties brought this' suit to recover an alleged indebtedness incurred by the Public Service Commission during the period beginning June 30, 1930, and ending in November, 1932. The claims are for services rendered and supplies furnished to the Commission. The plaintiffs were authorized by Act No. 110 of 1946 to sue the state. The court gave judgment in favor of each of the plaintiffs for the amount of his claim. The state is appealing from the judgment.
 

 The suit was submitted in the district court on a stipulation of facts in which it is admitted by the state that the services were actually rendered and the supplies were actually furnished to the Commission, and that the amounts claimed are commensurate with the services rendered and the supplies furnished.
 

 One of the plaintiffs is suing for the amount due him for his salary as a member of the Commission. As to his claim the state makes no defense but on the contrary admits the liability. Another plaintiff, Mrs. McGuirt, is suing as transferee of the warrants drawn by another member of the Commission for his salary. The warrants were endorsed by the drawer and delivered to her father and she inherited them from him. As to her claim the state defends on the ground that the warrants are not negotiable instruments and therefore that the endorsement is not sufficient evidence of an assignment. Whether there has been an assignment is a question of fact which the district judge, from the evidence, resolved in favor of Mrs. McGuirt. We see no reason for disturbing his finding.
 

 The other plaintiffs in the suit are holders of certificates of indebtedness issued by the Commission. Some of them were unable to produce their certificates, and were obliged to furnish secondary evi
 
 *731
 
 dence that the certificates had been in fact issued and to furnish proof that they had been lost. With regard to the plaintiffs whose certificates were lost the state defended on the ground that some third party might show up with one or some of the lost certificates and that the state might be subjected to another lawsuit for the same claim that is made here on the lost certificates. A sufficient' answer to that is that the certificates" were not negotiable instruments, and that no notice was given to the state that any such certificate had been transferred. According to Article 2644 of the Civil 'Code if the state should make payment to one of the plaintiffs in this case whose certificate is not produced, the state will' be relieved of further liability because of its not having received previous notice of any transfer that may have been made by the original holder of the certificate.
 

 The principal defense-urged by the state is that the debts on which this suit is based were incurred at a time when there were no funds appropriated for the purpose of. paying the debts. The district judge found that there were funds to the credit of the Commission from time to time during the period in which these debts were incurred; hence he held that the debts were valid obligations, and that their validity was not thereby destroyed if the Commission afterwards paid out the funds for debts subsequently incurred. It is impossible to determine from the record the extent of the funds standing to the credit of the Commission at the time when any particular one of the debts sued on was incurred. But, applying the
 
 maxim omnia praesumuntur rite esse acta,
 
 we conclude that there were sufficient funds to pay the debts now sued on at the timé when they were incurred.
 

 The judgment is affirmed.